REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol, Room 1124 Lincoln, NE 68509
Dear Senator Haberman:
In order to determine whether or not any changes are needed in the tractor engine testing statutes, Neb.Rev.Stat. § 2-2701 — 2-2713 (Reissue 1983), you have asked if, in their present form, they violate the Commerce Clause, Article I, Section 8, of the United States Constitution.
The tractor engine testing statutes, which require the testing of tractor engines before issuance of a permit for their sale in the state, were originally adopted in 1919, and it appears that the only substantive change in the statutes has been the transfer of jurisdiction over issuance of the permits from the Railway Commission to the Department of Agriculture.
By its terms, the Commerce Clause grants Congress the power to regulate commerce among the several states. Long ago it was settled that even in the absence of a congressional exercise of this power, the Commerce Clause prevents the states from erecting barriers to the free flow of interstate commerce, Cooley v. Board of Wardens, 12 How. 299,13 L.Ed. 996 (1852). At the same time, however, much state legislation, designed to serve legitimate state interests and applied without discrimination against interstate commerce, does not violate the Commerce Clause even though it affects commerce.
In Pike v. Bruce Church, Inc., 397 U.S. 137,25 L.Ed.2d 174, 90 S.Ct. 844 (1970) the United States Supreme Court said:
 Although the criteria for determining the validity of state statutes affecting interstate commerce have been variously stated, the general rule that emerges can be phrased as follows: Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.
This rule was reaffirmed in Raymond Motor Transportation, Inc. v. Rice, 434 U.S. 429, 54 L.Ed.2d 664,98 S.Ct. 787, where the court also said that it (the court) has been most reluctant to invalidate under the Commerce Clause legislation where the propriety of such regulation has long been recognized, and that those who would challenge such regulations must overcome a strong presumption of their validity.
In view of the fact that the tractor testing statutes have been in force and unchallenged since 1919, it is our conclusion that they do not violate the Commerce Clause of the United States Constitution, and that the presumption of their constitutionality can be overcome only by facts which would indicate that its provisions are discriminatory, do not promote legitimate state interests, and do not produce benefits that would outweigh the burden placed on interstate commerce.
Very truly yours,
ROBERT M. SPIRE Attorney General
Bernard L. Packett Assistant Attorney General